**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| NCS MULTISTAGE INC., | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. **6:20-cv-00699** |
| | § | |
| vs. | § | |
| | § | |
| ALLAMON TOOL COMPANY, INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff NCS Multistage Inc. ("NCS" or "Plaintiff"), by and through the undersigned counsel, hereby brings its Complaint for Patent Infringement against Defendant Allamon Tool Company, Inc. ("Allamon" or "Defendant").

**NATURE OF THE ACTION**

1. This is an action for patent infringement. NCS alleges that Allamon infringes the following NCS Patent, which is attached hereto as **Exhibit A**:

- U.S. Patent No. 10,465,445 ("the '445 Patent")

2. NCS alleges that Allamon infringes the '445 Patent by making, using, offering for sale, selling, and/or importing a rupture assembly and accompanying equipment for floating casing in the horizontal portion of a wellbore (hereafter "Float Tool"). NCS seeks damages, injunctive, and other relief for infringement of the '445 Patent.

## THE PARTIES

3. Plaintiff NCS is a Canadian corporation with a place of business at 700, 333-7th Ave SW Calgary, AB T2P 2Z1, and with worldwide headquarters at 19350 State Highway 249, Suite 600, Houston, TX 77070.

4. Upon information and belief, Defendant Allamon is a Texas corporation with a principal place of business at 18935 Freeport Drive, Montgomery, TX 77356. Allamon's registered agent for service of process is Jerry P. Allamon, also located at 18935 Freeport Drive, Montgomery, TX 77356.

## JURISDICTION AND VENUE

5. This action for patent infringement arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et. seq*. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1338.

6. This Court has general personal jurisdiction over Allamon because it is a resident of Texas, has a principal place of business in Texas, has availed itself of the rights and benefits of the laws of Texas, and it has systematic and continuous business contacts with Texas.

7. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b) because, upon information and belief, Allamon has a regular and established place of business in Midland, TX (which is within the jurisdiction of the Western District of Texas) and has committed acts of infringement in the Western District of Texas by making, offering to sell, and selling the Float Tool in the Western District of Texas.

## BACKGROUND

*A. NCS*

8.     NCS is a leading technology and service company that specializes in multistage well completions.  NCS initially formed in Canada in 2006 as NCS Oilfield Services and began developing downhole completion tools for conventional and unconventional completions.   In 2008, NCS incorporated in the United States and established its world headquarters in Houston, TX.  Today, NCS has 20 offices in the U.S. and Canada, and operates in Argentina, China, Russia, the Middle East and the North Sea, with a record of over 10,000 field successes.

9.     NCS is an expert in developing downhole tools like its AirLock® buoyancy system, a "casing float tool" covered by the '445 Patent.  NCS marks its AirLock® system with the web address of its patent notice which contains the '445 Patent number.  As a casing string is run into the horizontal portion of a wellbore the casing string can drag on the bottom of the wellbore due to its weight and gravity.  This makes it challenging to run the casing to the target zone.  The AirLock® system is designed to create buoyancy in the casing string, so that the string is lighter and it is easier to run the casing into the wellbore.  This is called "floating the casing" into the wellbore.  Below is a picture of the patented Airlock® system.



10.     The AirLock® system (above in green) is a tubular body attached to the casing string (above in grey).  Within the tubular is a rupture disc (above in white).  In use, the portion of the casing string above the rupture disc is filled with fluid.  The portion of the casing string below the rupture disc is filled with air, which creates buoyancy in the lower portion of the string.  This enhanced buoyancy reduces sliding friction up to 50% while the enhanced weight of the vertical section provides the force needed to push the string all the way to the toe of the well.  After the casing string is run to the target zone, hydraulic pressure is applied from the surface, which causes the rupture disc to disengage from the tubular walls and shatter.  This process restores the internal diameter of the casing string so that fluid can freely flow through the casing string.   More than 9,000 AirLock systems have been installed, and casing has landed on more than 99.9% of first attempts.

11. NCS invests substantial resources in innovation and the protection of its valuable intellectual property. To date, NCS has worldwide approximately 51 issued patents, including the '445 Patent that covers its AirLock® System, and 98 pending patent applications.

### B. ALLAMON

12. According to its website, Allamon was founded in 1997 by Jerry Allamon to provide liners and casing running equipment for onshore and offshore drilling and completions. *See* http://allamontool.com/about/history/.

13. NCS has lost at least one sale of its proprietary AirLock® system to Allamon's Float Tool. NCS does not have access to Allamon's Float Tool, nor can NCS, as a competitor, purchase Allamon's Float Tool. Allamon is not willing to share information about its Float Tool with NCS, though it has indicated the Float Tool includes a glass barrier disc. Based on a reasonable investigation, upon information and belief, Allamon's Float Tool is a casing floatation device, creating buoyancy in the casing string that makes it easier to run casing through the horizontal portion of a wellbore. The Float Tool has a tubular body that includes a glass barrier disc. After the casing is landed in the target zone, the glass barrier disc is ruptured by applying hydraulic pressure from the surface, which restores the internal diameter of the casing string.

### C. NCS NOTIFIES ALLAMON OF INFRINGEMENT CONCERNS IN JULY 2020

14. On July 22, 2020, NCS's Vice President of US Sales contacted Allamon's Vice President for Sales and Marketing to notify Allamon of the '445 Patent and NCS's concern that Allamon's Float Tool infringes the '445 Patent.

## COUNT 1: INFRINGEMENT OF THE '445 PATENT

15. The allegations of paragraphs 1-14 of this Complaint are incorporated by reference as though fully set forth herein.

16. NCS owns by assignment the entire right, title, and interest in the '445 Patent.

17. The '445 Patent was duly and legally issued by the United States Patent and Trademark Office on November 5, 2019 and is entitled "Casing Float Tool."  A true and correct copy of the '445 Patent is attached hereto as **Exhibit A**.

18. The '445 Patent is valid and enforceable under the laws of the United States.

19. Upon information and belief, Allamon has directly infringed and is directly infringing at least claims 14-15, 22-25, and 27 of the '445 Patent in violation of 35 U.S.C. § 271 *et seq.*, by making, using, offering for sale, selling, and/or importing in the United States without authority the accused Float Tool.  Upon information and belief, Allamon's Float Tool includes a rupture disc assembly that (i) has a tubular member for connection with a casing string, (ii) a rupture disc with a rupture burst pressure and in sealing engagement within a portion of the tubular that has a larger internal diameter than the internal diameter of the casing string and is parallel to the casing string, and (iii) where the rupture disc can rupture when exposed to a force. Allamon's rupture disc assembly is used in conjunction with a float shoe to create a buoyant chamber in the casing string that makes it easier to run casing through the horizontal portion of a wellbore.

20. Allamon has indirectly infringed and/or is indirectly infringing at least claims 22-25 and 27 of the '445 Patent in violation of 35 U.S.C. § 271 *et seq.*  With knowledge of the '445 Patent, Allamon has induced and/or is inducing customers to directly infringe the '445 Patent by directing, causing, instructing and/or encouraging its customers to use the Float Tool to perform

the methods of claims 22-25 and 27 of the '445 Patent. For example, upon information and belief, Allamon advertises to customers that its Float Tool can be installed on casing and run into a well with the casing. A rupture disc in the device creates buoyancy so that the casing can be floated to the target zone. Allamon advertises that once its customers run the casing to the target zone, they can apply pressure to rupture the rupture disc in the Float Tool, which restores the casing diameter.

21.     Allamon's infringement of the '445 Patent has been and continues to be willful and deliberate. Upon information and belief, Allamon has been on notice of its infringement of the '445 Patent since at least July 22, 2020, when NCS's Vice President of Sales notified Allamon about the infringement. However, upon information and belief, Allamon continues to use, sell, offer to sell, and import the accused Float Tool, despite a known or obvious risk of infringement of the '445 Patent.

22.     As a result of Allamon's acts of infringement, NCS has suffered and will continue to suffer damages in an amount to be proved at trial.

## PRAYER FOR RELIEF

WHEREFORE, NCS prays for the following relief:

A.     A judgment that Allamon has infringed the '445 Patent;

B.     An order enjoining Allamon, its officers, agents, employees, and those persons in active concert or participation with any of them, and Allamon's successors and assigns, from continuing to infringe the '445 Patent;

C.     An order awarding Allamon its damages pursuant to 35 U.S.C. § 284;

D. An order finding that Allamon's infringement has been willful and increasing the damages awarded to NCS to three times the amount assessed pursuant to 35 U.S.C. § 284;

E. An order finding that this case is exceptional within the meaning of 35 U.S.C. § 285 and awarding NCS its attorneys' fees;

F. An order awarding NCS prejudgment and post-judgment interest on its damages;

G. An order awarding NCS its costs;

H. An order awarding NCS any other and further relief as the Court deems proper.

Dated:  July 30, 2020

Respectfully submitted,

*/s/ Domingo M. LLagostera*
Domingo M. LLagostera
(*Attorney-in-charge*)
State Bar No. 24070157
Russell T. Wong
State Bar No. 21884235
**Blank Rome LLP**
717 Texas Avenue, Suite 1400
Houston, TX 77002
Tel.: (713) 228-6601
Fax: (713) 228-6605
DLLagostera@BlankRome.com
rwong@blankrome.com

**Attorneys for Plaintiff NCS Multistage, Inc.**